# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CONNIE EDWARDS,**

                **Petitioner,**

      **v.**                                          **CASE NO. 19-3078-JWL**

**JODY R. UPTON,**

                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner was convicted in the District of Kansas[1] under a guilty plea. She currently is incarcerated in the Federal Medical Center-Carswell, in Fort Worth, Texas.

### Analysis

Petitioner seeks relief from her conviction under 28 U.S.C. §2241 and the savings clause of 28 U.S.C. § 2255(e). Generally, a federal prisoner challenging the validity of a conviction or sentence must proceed under 28 U.S.C. § 2255. "The purpose of § 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965)(per curiam).

A petition filed under 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)(per curiam). However, "the so-called 'savings clause' contained in §2255(e)… permits a federal prisoner

---

[1] *United States v. Edwards*, Case No. 12-20015-1-CM.

to proceed under § 2241 [only] when the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Abernathy v. Wandes*, 713 F.3d 538 (10th Cir. 2013).

"Whenever a 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). Jurisdiction over a petition filed under § 2241 "lies in only one district: the district of confinement." *Id*. at 443. Because petitioner is incarcerated in Texas, this court lacks jurisdiction over the petition.

The Court next considers whether to transfer this matter to the district where the petitioner is incarcerated or to dismiss the action without prejudice. "Jurisdictional defects that arise when a suit is filed in the wrong federal district may be cured by transfer under the federal transfer statute, 28 U.S.C. § 1631, which requires … [the C]ourt to transfer such an action 'if the transfer is in the interest of justice.'" *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000)(quotation omitted). The Tenth Circuit has interpreted this provision to allow the Court to exercise its discretion. *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006).

Petitioner's primary argument in the petition is that she is entitled to relief under *Burrage v. United States*, 134 S.Ct. 881 (2014). However, the trial court squarely rejected that argument in petitioner's motion to obtain relief. *United States v. Edwards*, 2015 WL 3793807 (D. Kan. Jun. 17, 2015). Because the petitioner's claim has been considered and rejected in a separate action, the Court concludes the transfer of this matter is not in the interest of justice. The Court will dismiss the petition without prejudice, which

will not bar petitioner from presenting her argument in a new petition filed in the district where she is incarcerated.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 1st day of May, 2019, at Kansas City, Kansas.

> S/ John W. Lungstrum
> JOHN W. LUNGSTRUM
> U.S. District Judge